Stanley HATOFF and Etta Hatoff
d/b/a Hatoff's,
Plaintiffs–Appellants,

v.

TEXACO INC. and United States
Department of Energy,
Defendants–Appellees.

TECA No. 1–17.

Temporary Emergency Court of Appeals.

Decided Nov. 6, 1989.
Judgment Entered Nov. 16, 1989.

Morris M. Goldings, Bruce W. Edmands and Jonathan G. Baker, Mahoney, Hawkes & Goldings, Boston, Mass., were on the brief, for plaintiffs-appellants.

G. Kenneth Handley and Mark D. Litvack, Texaco Inc., White Plains, N.Y., and David S. Mortensen and Keith S. Dubanevich, Hale and Dorr, Boston, Mass., were on the brief, for defendant-appellees.

Before GARZA, Chief Judge, and METZNER and MAXWELL, Judges.

METZNER, Judge.

Plaintiffs Stanley and Etta Hatoff appeal from an order of the United States District Judge Robert E. Keeton for the District of Massachusetts, granting the motion of defendant Texaco Inc. (Texaco) for summary judgment.

Plaintiffs own a gasoline and service station in Boston and have been purchasers of gasoline from Texaco for many years prior to 1973. When price controls became effective on May 15, 1973, they had been receiving two discounts, one in the form of .035 cents per gallon purchased, and a second in the form of a one per cent reduction if payment of invoices was made within five days of delivery of the gasoline. They claim that Texaco discontinued these

discounts in violation of the applicable mandatory price regulations, and seek damages for the period June 1, 1973, to July 31, 1974, for the first discount, and for the period August 1, 1973, to July 31, 1974, for the second discount.

The issue we have to consider is whether the plaintiffs have presented a triable issue of fact. Appellate review of an order granting summary judgment is *de novo. Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), the Court said:

"In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ This court has addressed the precise legal issue presented by this case before. *Reynolds Industries, Inc. v. Mobil Oil Corp.,* 741 F.2d 1385 (TECA 1984); *Merry Twins, Inc. v. Exxon Corp.,* 611 F.2d 874 (TECA 1979); *Mr. Magic Car Wash, Inc. v. Dept. of Energy,* 596 F.2d 1023 (TECA 1978). If the discount or allowance was a competitive one, then Texaco was free to terminate it at any time. However, if the discount or allowance was cost-justified, reflecting savings to Texaco, then its withdrawal was forbidden by the price regulations. *Reynolds Industries, supra* at 1386.

■ The plaintiffs have the burden of proving that the discount was cost-justified. *Typhoon Car Wash, Inc. v. Mobil Oil Corp.,* 770 F.2d 1085, 1090 n. 5 (TECA 1985), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985).

■ This lawsuit was pending for ten years before the motion for summary judgment was made. The plaintiffs had sufficient time to produce the evidence clearly available from discovery to support any claim of cost justification.

In *Anderson, supra,* 477 U.S. at 257, 106 S.Ct. at 2514, the Court said:

"[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery."

As this court pointed out in *Reynolds Industries, supra* at 1386, the FEA listed the factors to be considered in determining the customary price differential. These factors are (1) location; (2) type of purchaser; (3) volume; and (4) term or condition of sale or delivery. FEA Ruling 1975-2, 40 Fed.Reg. 10655 (March 7, 1975). This ruling made clear that competitive price allowances should not impact upon the determination.

As to location, we know that Texaco made deliveries to all dealers in the "Boston District" from its Chelsea terminal. The Boston District extended from southern New Hampshire to Cape Cod and west to Worcester County. Plaintiffs' station is located eight miles from that terminal. It failed, however, to offer any evidence that plaintiffs' allowance was cost justified because of its location through comparative evidence relating to the five other Texaco retailers located within one or two miles of plaintiffs' station, or even 25 other Texaco dealers in areas closer than plaintiffs' to the Chelsea terminal.

As to volume, plaintiffs' argue that they were the largest single retailer of gasoline in the greater Boston area. Ruling 1975-2 referred to above contains an explanatory section, Example 5, which refers to a situation strikingly close to the one before us. This states that a high volume retailer is entitled to the inference that a negotiated allowance granted to it by a refiner constituted a cost justified customary price differential. However, along with the inference, there must be some comparative evidence of the volumes and prices charged to

other retailers to support the inference, on the motion for summary judgment in this case. There is no evidence produced by the plaintiffs here to show that Texaco treated other retail purchasers differently from the way it treated the Hatoffs.

Turning now to the factor of term or condition of sale or delivery. While we know of the requirements that the Hatoffs had to meet, there is no proof that these conditions of sale were different from those which governed the sales to other retailers in the Boston area.

The final factor is capital investment and maintenance. In *Typhoon Car Wash, supra* at 1091, the court held that the cost of "constructing, maintaining or owning a service station is not to be considered in determining whether a discount is cost justified."

■ The above discussion applies to the .035 cent allowance on each gallon purchased by the Hatoffs. The one per cent discount for prompt payment of the invoices presents a different problem. The court below did not distinguish between the two applications for relief, and its discussion was directed to the .035 cent allowance. However, the court ordered that the defendant's motion for summary judgment be granted. Texaco's brief in this court similarly devotes itself to the .035 cent allowance and makes no mention of the one percent discount.

However, it is perfectly clear that the one per cent early payment discount is considered to be a credit term, and in FEA Ruling 1975–13, 40 Fed.Reg. 40831 (Sept. 4, 1975), it was held that a supplier could not change or withdraw an early payment discount in effect on May 15, 1973. The result of such withdrawal would require and impose more stringent credit terms than those in effect for that class of purchaser on May 15, 1973. 10 C.F.R. § 210.62(a) (1973).

The order, in so far as it grants summary judgment to the defendant on the claim for damages in connection with the discontinuance of the .035 cent discount, is affirmed. The order, in so far as it grants summary judgment to the defendant on the discontin-

uance of the one per cent discount, is reversed, and summary judgment is directed for the plaintiffs on their claim. The matter is remanded to the district court for further proceedings consistent with this order.